# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL ZEMEL, on behalf of himself, and all others similarly situated, | Case No.: |
| Plaintiff, | |
| v. | |
| CODE GREEN SOLAR, LLC | |
| Defendant. | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Daniel Zemel brings this class action complaint on behalf of himself and on behalf of all others similarly situated ("Plaintiff") against Defendant Code Green Solar, LLC ("Green" or "Defendant") to stop Defendant's practice of making automated calls to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. The TCPA strictly forbids nuisance robo calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones whose phone numbers are obtained without the prior express consent of the call recipients.

2. Green engages in solar installation and operation in the United States. Green's actions violated Plaintiff's statutory rights and caused Plaintiff actual harm, including

1

aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls.

3. Plaintiff seeks an injunction stopping Green from robo calling consumers, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different than Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District.

6. Specifically, personal jurisdiction over Defendant is proper in this District because Defendant, at all times herein mentioned, conducted business in the county of Essex, State of New Jersey, and a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## **PARTIES**

7. Plaintiff Daniel Zemel is, and at all times mentioned was, a resident of the State of New Jersey. He is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendant Code Green Solar LLC is a "person" as defined by 47 U.S.C. § 153 (39).

9. Plaintiff alleges that at all times relevant herein Green conducted business in the State of New Jersey and within this District.

## **THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")**
## **47 U.S.C. §§ 227 *et seq.***

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

15. Furthermore, on July 10, 2015, the FCC released a Declaratory Ruling wherein it was confirmed that a consumer has the right to revoke "prior express consent" using any reasonable method, including orally or in writing, even if a consumer previously consented to such communication.[6]

## FACTUAL ALLEGATIONS

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

[6] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 15-72 (FCC July 10, 2015) available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (last visited on April 18, 2016)

16. On or about June 29, 2016, despite a lack of consent or the existence of a prior relationship with Defendant, Plaintiff began receiving unsolicited robo calls.

17. After picking up the call, Plaintiff was asked by a machine whether he'd like to save money on his electricity bills.

18. After replying in the affirmative, Plaintiff was directed to a live person that discussed Plaintiff's financial status, his credit worthiness, the address of his home and Plaintiff's roof. The agent than proceeded to conduct an internet search to view Plaintiff's roof. Once the agent received all the necessary information, the agent scheduled a time for a service man from Green to come down and install Green's goods. Plaintiff was informed that Green would be calling him again to confirm appointment.

19. Sure enough, a few days later, Green called Plaintiff to set up an appointment.

20. This factual scenario repeated itself at least twice.

21. Upon information and belief, the initial robo call received by Plaintiff was made by a third party marketing service.

22. Upon information and belief, Green directly hired the third party service to make said marketing calls.

23. Upon information and belief, Green directly consented to have the third party service act directly on its behalf, and present themselves as Green's agents by supplying Green's trade name to Plaintiff.

24. Given the detailed nature of the questions asked by the third party, to Plaintiff, concerning his house location, the shape of his roof, the monthly energy bill, and the effect of nearby trees, upon information and belief, Green directly controlled and directed the third party's scripts in making these inquiries upon Plaintiff. Upon information and belief, Green was heavily

5

involved in preparing the specific inquiries that the agent need to ask, and provided training regarding what types of properties to look for. Upon information and belief, Green knew or should have known that the agent was cold calling individuals with an automated dialer system.

25. Upon information and belief, when the third party service is requesting detailed information of the consumer, inquiring as to the consumer's interest in receiving Green's services, informing the consumer concerning the benefits of Green's products, and scheduling an appointment for installation of Green's solar equipment, the third party service reasonably believes that Green wishes it to ask these questions, guage Plaintiff's interest, and provide the information concerning Green's goods.

26. Upon information and belief, once the scheduled date for installation is finalized, and the work complete, both Green and the agent receive compensation.

27. There is no doubt that Green is benefiting from its agents illegal conduct whenever it signs up a new customer—a sale the result of an illegal call.

28. Upon information and belief, these unsolicited text calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which has the capacity to produce or store numbers randomly or sequentially, to dial such numbers, and to place text message calls to Plaintiff's cellular telephone.

29. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 47 U.S.C. § 227 (b)(1).

30. These calls do not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

32. Consequently, these calls sent by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

33. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

<u>Plaintiff Has Suffered a Concrete and Particularized Injury</u>

34. Congress has codified the Telephone Consumer Protection Act to provide specific protections and rights to consumers to ensure that consumers' cell phones would not be subject to constant attack by robo callers and automated dialing systems, as Defendant engaged in here. These calls waste the consumers time, violate their privacy rights, use their cell phone's battery power, and are a constant nuisance.

35. Plaintiff sustained a concrete and particularized injury by Defendant's placement of calls to his cell phone in violation of the TCPA resulting in the waste of his time, the draining of his battery, the violation of his privacy rights, and general nuisance.

**CLASS ACTION ALLEGATIONS**

36. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and on behalf of all others similarly situated ("the Class").

37. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited calls from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47

U.S.C. § 227(b)(1)(A)(3), which calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited calls, thereby harming Plaintiff and the Class members by causing them to incur certain cellular telephone charges for which Plaintiff and the Class members previously paid. Furthermore, as a result of its actions Defendant, either directly or through its agents, invaded the privacy of said Plaintiff and the Class members. Finally, in addition to annoying Plaintiff and the Class members, Defendant's calls took away from the batter life of their phone. Plaintiff and the Class members were damaged thereby.

40. This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents made calls without the recipients' prior express consent (other than a calls made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

   b. Whether the equipment Defendant, or its agents, used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. Whether Defendant, or its agents, systematically made calls to persons who did not previously provide Defendant with their prior express consent to receive such calls;

   d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

43. As a person that received at least one unsolicited call to his cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.

Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of

scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

47. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

## COUNT 1
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Each such call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively call thousands of consumers simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

50. Defendant also sent calls without the prior express consent of Plaintiff and other members of the Class to receive such calls.

51. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

54. Plaintiff incorporates by reference the above paragraphs in this Complaint as though fully stated herein.

55. Each such call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These calls were made without the prior express consent of Plaintiff and other members of the Class to receive such calls.

56. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

59. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

61. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

* * *

63. An order certifying the Class as defined above, appointing Plaintiff Zemel as Class Representatives, and Aaron Rubin of Neuhauser Rubin & Mendlowitz, LLC, as Class Counsel.

64. An award of reasonable attorneys' fees (in the event of a class recovery) and costs.

65. Any other relief the Court may deem reasonable, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all calls, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated:  August 15, 2016

>  */s/ Aaron Rubin*
> By: Aaron Rubin
> **NEUHAUSER RUBIN & MENDLOWITZ LLC**
> 701 Cross Street, Suite 266
> Lakewood, NJ 08701
> Telephone: 516-590-0544
> Facsimile:  516-506-0832
>
> *Attorneys for Plaintiff and the Proposed Class*